**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Willie Lee Nathan, Jr.** |
| | Name: First    Middle    Last |
| Debtor 2 | **Angela D Nathan** |
| (Spouse, if filing) | Name: First    Middle    Last |
| Case number: (If known) | **19-00438** |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☑ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$253.84 per week** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
O'Neal Steel Industries
744 41st Street Noth
Birmingham, AL 35222

☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

### 2.3 Income tax refunds and returns. *Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☑ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment *Check all that apply.*

☐ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor will make additional payment(s) to the trustee from proceeds of claim(s), cause(s) of action, lawsuit(s), settlement(s), or judgment award(s), as specified below:
**The Debtor shall pay all non-exempt scheduled causes of action proceeds to the Trustee.**

### 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Vanderbilt Mortgage and Finance, Inc. | 5021 Candle Brook Place Bessemer, AL 35022 | $178,355.00 | $1,325.00 Disbursed by: Debtor To Begin: March 2019 | $7,000.00 | 4 | $129.63 | upon confirmation |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The rest of § 3.2 will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Debtor(s) request that the court determine the value(s) of the collateral and the amount(s) of the secured claim(s) listed below. For each nongovernmental secured claim listed below, Debtor(s) state that the amount of the secured claim should be the *lesser* of (a) the amount of the secured claim listed on the creditor's proof of claim and (b) the amount set out in the column headed *Amount of Secured Claim*. For each listed claim, the amount of the secured claim will be paid in full with interest at the rate stated below. *If a nongovernmental creditor timely objects to the proposed value of the creditor's collateral or the proposed amount of the creditor's secured claim, the confirmation hearing shall include a valuation hearing pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012 unless otherwise ordered. If a nongovernmental creditor whose claim is listed below fails to timely object, the creditor shall be deemed to have accepted the amount and treatment of the creditor's secured claim as set forth below.*

For nongovernmental creditors, unless otherwise provided by this plan or otherwise ordered, the portion of any allowed claim that exceeds the amount of the secured claim listed below will be treated as an unsecured claim under Part 5 of this plan, and, if the amount of a creditor's secured claim is listed below as having a value of zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. For nongovernmental creditors, unless otherwise ordered, the amount of the creditor's total claim listed on the proof of claim or amended proof of claim controls over any contrary amounts listed below, but the amount of that creditor's secured claim, the value of the collateral, and the interest rate are controlled by the plan.

The holder of any claim listed below as having value in the column headed *Amount of Secured Claim* will retain the lien until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

For secured claims of governmental units, unless otherwise ordered, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Secured Claim | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|---|
| Santander Consumer USA | $165.00 | $16,489.51 | 2015 Nissan Versa 90,000 miles | $6,300.00 | $6,300.00 | 6.50% | $134.87 | June 2019 |
| Credit Warrior Finance LLC | non-pmsi | $19,461.00 | 96 Tolbert Circle Montevallo, AL 35115 Shelby County- Judicial Lien- Instrument No. 2017040300110710 | $2,034.86 | $624.62 | 7.50% | $26.25 | June 2019 |

3.3   **Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*

    ☐ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
    ☑ The claims listed below:
        1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
        2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
        3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

    (a) payment of the underlying debt determined under nonbankruptcy law, or

    (b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Candle Brook Homeowner Association | non-pmsi | $432.00 | Statutory Lien- 5021 Candle Brook Place, Bessemer, AL 35022 Jefferson County LR201510 Page 7956 | $173,400.00 | 7.50% | $9.45 | June 2019 |
| Credit Acceptance Corp. | $222.00 | $22,195.40 | 2013 Ford Explorer | $13,525.00 | 6.50% | $476.00 | June 2019 |
| H Newton Burton DDs PC | non-pmsi | $349.59 | 96 Tolbert Circle Montevallo, AL 35115 Shelby County Instrument No. 20120217000059030 | $2,034.86 | 7.50% | $7.65 | June 2019 |
| State of Alabama | non-pmsi | $1,060.65 | 96 Tolbert Circle Montevallo, AL Shebly County AL 20170117000020900 | $2,034.86 | 7.50% | $23.20 | June 2019 |

3.4  Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance. *Check all that apply.*

  ☑  None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5  Surrender of collateral. *Check one.*

  ☑  None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:  Treatment of Fees and Priority Claims**

4.1  **General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2  **Chapter 13 case filing fee.** *Check one.*

  ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
  ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3  **Attorney's fees.**

The total fee requested by Debtor(s)' attorney is **$3,750.00**. The amount of the attorney fee paid prepetition is **$335.00**.
The balance of the fee owed to Debtor(s)' attorney is **$3,415.00,** payable as follows (*check one*):

  ☑ $1,271.00 at confirmation and $500.00 for 2 months and per month thereafter until paid in full, or
  ☐ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4  **Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

  ☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
  ☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Internal Revenue Service | $2,000.00 | pro-rata | upon confirmation |
| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
| Internal Revenue Service | $5,800.00 | pro-rata | upon confirmation |

**4.5** **Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2** **Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☑ Pot Plan. This plan proposes to pay $ **6,300.00**, distributed pro rata to holders of allowed nonpriority unsecured claims.
☐ Base Plan. This plan proposes to pay $____ to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3** **Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4** **Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5** **Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Arrearage payments will be disbursed by the trustee. The final two columns include only payments disbursed by the trustee rather than by Debtor(s). Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amounts listed below as to the estimated amount of the current installment payment and arrearage.

| Name of Creditor | Description of Leased Property or Executory Contract | Lease Term | Current Installment Payment | Amount of Arrearage to be Paid | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|
| T-Mobile | cell phone plan | 2 years | varies<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s)<br>To begin:<br>**February 2019** | $0.00 | varies | February 2019 |

**6.2** The executory contracts and unexpired leases listed below are rejected: *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

☑ **Rejected items.**

| Name of Creditor | Description of Leased Property or Executory Contract |
|---|---|
| ADT Sercurity | reject lease |

| | |
|---|---|
| RAC Dealership, LLC dba American Car Center<br>9842 Parkway East<br>Birmingham, AL 35215 | 2012 Cherolet Malibu<br>$388.74 a month lease 39 payments |

## Part 7: Sequence of Payments

7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

8.1 Property of the estate will vest in Debtor(s) *(check one)*:

[✓] Upon plan confirmation.

[ ] Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

[✓] None. *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

Signature(s) of Debtor(s) required.

Signature(s) of Debtor(s) *(required)*:

x /s/ Willie Lee Nathan, Jr.  Date 02-18-2019
   Willie Lee Nathan, Jr.

x /s/ Angela D. Nathan  Date 02/18/2019
   Angela D Nathan

Signature of Attorney for Debtor(s):
x /s/ S. Scott Allums  Date  02-18-2019
   S. Scott Allums
   506 North 18th Street
   Bessemer, AL 35020
   205-426-7080

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE: )
WILLIE LEE NATHAN, JR AND ) CASE NO. 190438
ANGELA D. NATHAN, )
          DEBTORS. )

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Chapter 13 Plan* has been served upon all creditors and the following by placing a copy of same in the United States mail, properly addressed and first-class postage prepaid OR via the Court's electronic mailing service (CM/ECF) on this the 18TH day of February 2019.

Bradford W. Caraway
Chapter 13 Standing Trustee
P. O. Box 10848
Birmingham, AL 35202
ctmail@ch13bham.com, via CM/ECF Noticing Service
bcaraway13@ecf.epiqsystems.com, via CM/ECF Noticing Service

creditor matrix

| | |
|---|---|
| Ira and Shelia Chaffin<br>c/o James Robert Jr. Esq.<br>P.O. Box 639<br>Gardendale, AL 35071 | Candle Brook Homeowner Association<br>5137 Candle Brook Terrance<br>Bessemer, AL 35022 |
| H. Newton Burton DDS, PC<br>1771 Independence Ct. #2<br>1609 Richard Arrington Blvd. S<br>Birmingham, AL 35201 | Progressive Leasing<br>10619 South Jordan Gateway<br>Suite 100<br>South Jordan, UT 84095 |

Simon-Williamson Clinic, P.C.
P.O. Box 12366
Birmingham, AL 35202-2366

T-Mobile
Bankruptcy Team
P.O. Box 53410
Bellevue, WA 98015-5341

Ben Zarzaur
Zarzaur and Schwartz, PC
P.O. Box 11366
Birmingham, Al 35202

Bill Hart
Registered Agent
5137 Candle Brook Terrace
Bessemer, AL 35022

Karen Schwartz, Esq.
1609 Richard Arrington Jr Blvd
Birmingham, AL 35205

Monica Moses
Attorney for Creditor
1302 Main Avenue
Northport, AL 35476

Newton Burton, DDS
Registered Agent
2045 Medical Center Drive
Birmingham, AL 35209

Robert Townes, Esq.
P.O. Box 96
Gardendale, AL 35071

Warren Bailey
Registered Agent
2491 Pelham Parkway
Pelham, AL 35124

William D. Hasty Jr. Att
2090 Columbiana Road
STE 2000
Birmingham, AL 35216

/s/ S. Scott Allums
Of Counsel

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-2<br>Case 19-00438-DSC13<br>NORTHERN DISTRICT OF ALABAMA<br>Birmingham<br>Mon Feb 18 14:10:13 CST 2019 | Exeter Finance LLC, c/o AIS Portfolio Servic<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | U. S. Bankruptcy Court<br>Robert S. Vance Federal Building<br>1800 5th Avenue North<br>Birmingham, AL 35203-2111 |
| ADT Security Services<br>P.O. Box 650485<br>Dallas, TX 75265-0485 | ADT Sercurity<br>3190 S Vaughn Way<br>Aurora, CO 80014-3512 | AT ant T<br>208 S Akard Street<br>Dallas, TX 75202-4206 |
| Alabama Power Company<br>P. O. Box 12545<br>Birmingham, AL 35202-6545 | Allied Cash Advance<br>3014 Allison Bonnett Memorial Drive<br>Bessemer, AL 35023-2396 | American Family Care<br>MSC 10000020<br>P.O. Box 830810<br>Birmingham, AL 35283-0810 |
| Amsher Collection Services Inc<br>4524 Southlake Pkwy STE 15<br>Birmingham, AL 35244-3271 | Baptist Medical Center-Shelby<br>1000 1st N<br>Alabaster, AL 35007-8703 | Bessemer Utilities<br>P.O. Box 1246<br>Bessemer, AL 35021-1299 |
| Brookwood Primary Care, Hoover<br>2547 John Hawkins Parkway STE 103<br>Birmingham, AL 35244-3554 | CREDIT ACCEPTANCE<br>25505 W 12 MILE RD SUITE 3000<br>SOUTHFIELD MI 48034-8331 | Commonwealth Financial Systems<br>245 Main St<br>Scranton, PA 18519-1641 |
| Consumer Portfolio<br>19500 Jamboree Road STE 500<br>Irvine, CA 92612-2437 | Consumer Portfolio Service<br>P.O. Box 57071<br>Irvine, CA 92619-7071 | Credit Acceptance Corp.<br>P.O. Box 5070<br>Southfield, MI 48086-5070 |
| Credit Warrior Finance LLC<br>5324 Highway 17 South<br>Helena, AL 35080-3604 | Emergency Physician Associates<br>2010 Brookwood Medical Center Drive<br>Birmingham, AL 35209-6804 | Emergency Physicians Associates<br>c/o Franklin Collection Service<br>P.O. Box 3910<br>Tupelo, MS 38803-3910 |
| Enchanced Recovery Corporation<br>P.O. Box 57547<br>Jacksonville, FL 32241-7547 | Exeter Finance Corp<br>P.O.Box 166097<br>Irving, TX 75016-6097 | Franklin Collection Services<br>2978 W. Jackson Street<br>Tupelo, MS 38801-6731 |
| IC Systems Collections<br>P.O. Box 64378<br>Saint Paul, MN 55164-0378 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Keitra Operton<br>96 Tolbert Circle<br>Montevallo, AL 35115-9157 |
| Midwest Recovery Systems<br>514 Earth City PZ 100<br>Earth City, MO 63045-1303 | ONeal Credit Union<br>744 41st St North<br>Birmingham, AL 35222-1124 | (p)PROG LEASING LLC<br>256 WEST DATA DRIVE<br>DRAPER UT 84020-2315 |

| | | |
|---|---|---|
| RAC Dealership, LLC dba American Car Center<br>9842 Parkway East<br>Birmingham, AL 35215 | Regions Bank<br>1900 - 5th Ave., No.<br>Birmingham, AL 35203-2670 | Regions Bank<br>P.O. Box 10063<br>Birmingham, AL 35202-0063 |
| Rosen Harwood, P.A.<br>Attorney at Law<br>2200 Jack Warner Parkway STE 200<br>Tuscaloosa, AL 35401-1014 | SANTANDER CONSUMER USA<br>P.O. Box 560284<br>Dallas, TX 75356-0284 | Santander Consumer USA<br>P.O. Box 961245<br>Fort Worth, TX 76161-0244 |
| Smithermans Pharmacy<br>703 Main Street<br>Montevallo, AL 35115-3700 | Spina and Lavelle PC<br>One Perimeter Park South<br>Suite 400N<br>Birmingham, AL 35243-2327 | Spire Alabama /Alabama Gas Corporation<br>2101 6th Avenue North<br>Birmingham, AL 35203-2761 |
| Sprint<br>P. O. Box 105243<br>Atlanta, GA 30348-5243 | State of Alabama<br>Legal Division Dept. of Revenue<br>P.O. Box 320001<br>Montgomery, AL 36132-0001 | Tkiaya Duncan-Young<br>5021 Candle Brook Place<br>Bessemer, AL 35022-8334 |
| U. S. Attorney<br>1801 Fourth Avenue, North<br>Birmingham, AL 35203-2101 | Uhaul Moving & Storage<br>2797 Pelham Pkwy<br>Pelham, AL 35124-1755 | (p)VANDERBILT MORTGAGE AND FINANCE INC<br>P O BOX 9800<br>MARYVILLE TN 37802-9800 |
| Verizon Wireless<br>P.O.Box 650051<br>Dallas, TX 75265-0051 | Verizon Wireless<br>PO Box 660108<br>Dallas, TX 75266-0108 | WELLS FARGO CARD SERVICES<br>RECOVERY DEPARTMENT<br>PO BOX 9210<br>Des Moines, IA 50306-9210 |
| Wells Fargo Card Services<br>Crdt Buru Dispute Resolution<br>P.O. Box 14517<br>Des Moines, IA 50306-3517 | Woodforest National Bank<br>P.O. Box 7889<br>The Woodlands, TX 77387-7889 | Angela D Nathan<br>5021 Candle Brook Place<br>Bessemer, AL 35022-8334 |
| (p)CHAPTER 13 STANDING TRUSTEE<br>ATTN BRADFORD W CARAWAY<br>PO BOX 10848<br>BIRMINGHAM AL 35202-0848 | S Scott Allums<br>506 North 18th Street<br>Bessemer, AL 35020-4818 | Willie Lee Nathan Jr.<br>5021 Candle Brook Place<br>Bessemer, AL 35022-8334 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Progressive Leasing<br>10619 South Jordan Gateway<br>Suite 100<br>South Jordan, UT 84095 | Vanderbilt Mortgage and Finance, Inc.<br>Attn: Customer Service<br>500 Alcoa Trail<br>Maryville, TN 37804 | Bradford W. Caraway<br>Chapter 13 Standing Trustee<br>P O Box 10848<br>Birmingham, AL 35202-0848 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Vanderbilt Mortgage and Finance, Inc.      End of Label Matrix
P. O. Box 9800                                Mailable recipients    53
Maryville, TN 37802-9800                      Bypassed recipients     1
                                              Total                  54
```